UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD YONG PARK,<br>Petitioner<br>v.<br>RAYMOND MADDEN,<br>Respondent. | Case No. CV 19-4513-DMG (GJS)<br>ORDER TO SHOW CAUSE RE: POSSIBLE DISMISSAL FOR UNTIMELINESS |

On May 23, 2019, Petitioner filed a 28 U.S.C. § 2254 habeas petition in this District (Dkt. 1, "Petition"). The Petition stems from Petitioner's September 2014 conviction in Los Angeles County Superior Court Case No. SA075285 (the "State Conviction"). (Petition at 2.)[1]

After he was sentenced pursuant to the State Conviction, Petitioner appealed to the California Court of Appeal (Case No. B260433) and raised the claims alleged as Ground One and Two in the Petition. (Petition at 2 and 5, Ex. A.) On June 24, 2016, the California Court of Appeal affirmed the judgment. (Petition Ex. B.) Petitioner then filed a petition for review with the California Supreme Court, again raising Grounds One and Two, which was denied on September 14, 2016 (Case No.

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has reviewed the dockets available electronically for the Los Angeles County Superior Court, the California Court of Appeal, the California Supreme Court, and the United States Supreme Court.

S236331). (Petition Exs. B-C.) Petitioner sought certiorari in the United States Supreme Court, but his petition was denied on March 27, 2017 (Case No. 16-7608). (Petition at 5; *see also Park v. California*, 137 S. Ct. 1377 (2017).)

Over five months passed. On September 11, 2017, Petitioner mailed a habeas petition to the trial court in which he raised Ground Three of the Petition, which was denied on September 27, 2017, both on the ground of untimeliness and on the merits. (Petition at 3-4 and Ex. D.) On December 12, 2017, Petitioner mailed a habeas petition to the California Court of Appeal, again raising Ground Three, which was denied without comment on January 10, 2018. (Petition at 4 and Ex. E.) On April 16, 2018, Petitioned filed a habeas petition in the California Supreme Court that raised Ground Three, which was denied summarily on July 11, 2018. (Petition at 4-5 and Exs. F-G.)

Ten months passed. On May 16, 2019, Petitioner signed the Petition and a correctional officer received it for mailing on that same date. While the Petition was not formally filed by the Clerk's Office until May 23, 2019, pursuant to the "mailbox rule," the Court will deem the Petition to have been "filed" on May 16, 2019. *See Campbell v. Henry*, 614 F.3d 1056, 1058-59 (9th Cir. 2010); Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts.

## THE CLAIMS ALLEGED IN THE PETITION

The Petition raises three claims. In Ground One, Petitioner alleges that his rights to remain silent and to counsel were violated in connection with his interrogation by the police – an interrogation that ultimately led to a confession that became part of the trial evidence. This claim was raised on direct appeal and exhausted as of September 2016. In Ground Two, Petitioner alleges that the trial court violated his rights to present a defense and to a fair trial by excluding proposed third-party culpability evidence. This claim also was raised on direct appeal and exhausted as of September 2016. In Ground Three, Petitioner alleges that his trial counsel

provided ineffective assistance by failing to conduct an adequate pretrial investigation with respect to a witness to an encounter between Petitioner and a detective. This claim was raised in Petitioner's state court habeas proceedings and was briefed and exhausted as of July 2018.

## THE PETITION IS UNTIMELY ON ITS FACE

The one-year limitations period that governs the Petition is set forth in 28 U.S.C. § 2244(d)(1).[2] Given the nature of the claims alleged in the Petition and the record available, the subpart (d)(1)(A) limitations period is the only one that appears applicable to the Petition. Petitioner's judgment became "final," for purposes of Section 2244(d)(1)(A), on the date on which the Supreme Court denied his certiorari petition (March 27, 2017), and his limitations period commenced running the next day (March 28, 2017). *See* 28 U.S.C. § 2244(d)(1)(A); *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001). Therefore, Petitioner had until March 27, 2018, in which to file a timely federal habeas petition, absent statutory or equitable tolling.

28 U.S.C. § 2244(d)(2) suspends the limitations period for the time during which a "properly-filed" application for post-conviction relief is "pending" in state court. In addition, in appropriate circumstances, statutory tolling may be afforded "during

---

[2] Through its subparts (A) through (D), Section 2244(d)(1) contemplates four possible triggering dates for the accrual and commencement of a state prisoner's one-year limitations period. The Supreme Court has described these as follows:

> § 2244(d)(1) provides that a "1-year period of limitation shall apply to an application for a writ of habeas corpus." (Emphasis added.) The subsection then provides one means of calculating the limitation with regard to the "application" as a whole, § 2244(d)(1)(A) (date of final judgment), but three others that require claim-by-claim consideration, § 2244(d)(1)(B) (governmental interference); § 2244(d)(1)(C) (new right made retroactive); § 2244(d)(1)(D) (new factual predicate).

*Pace v. DiGuglielmo*, 544 U.S. 408, 416 n.6 (2005).

3

the intervals between the denial of a petition by one court and the filing of a new petition at the next level, if there is not undue delay." *Biggs v. Terhune*, 339 F.3d 1045, 1046 (9th Cir. 2003); *see also Carey v. Saffold*, 536 U.S. 214, 219-25 (2002) (in California cases, a post-conviction matter is "pending" between the denial of a petition in a lower court and the filing, "within a reasonable time," of a "further original state habeas petition in a higher court"). Continuous tolling under Section 2244(d)(2) – commonly referred to as interval or gap tolling – is available only if a prisoner acted promptly in seeking relief at the next state court level. *See Evans v. Chavis*, 546 U.S. 189, 191-92; *Pace*, 544 U.S. at 413-14.

As the above description of Petitioner's prior proceedings shows, Petitioner did file a series of state habeas petitions, and his first such petition was "filed" (*i.e.*, mailed) on September 11, 2017, before his limitations period had expired. The threshold question is whether all or any of those state habeas petitions were properly filed within the meaning of Section 2244(d)(2). Given that the trial court, after initially noting Petitioner's failure to explain his delay, proceeded to resolve the claims raised on their merits, the Court will not deem that brief reference to untimeliness to serve as a basis for finding the state court petitions not to be properly filed. The Court also does not find the delay between the resolution of Petitioner's trial court petition and his filing in the California Court of Appeal, and the delay between the resolution of his California Court of Appeal petition and his filing in the California Supreme Court, to be sufficient to warrant deeming the petitions to not be properly filed.[3]

Accordingly, the Court concludes that Petitioner is entitled to Section 2244(d)(2) tolling for the three state court habeas petitions he filed, and that such tolling should be continuous, *i.e.*, should run from the mailing date of the trial court petition (September 11, 2017) through the denial of his California Supreme Court habeas

---

[3] Petitioner has submitted evidence indicating that he did not receive the California Court of Appeal's January 10, 2018 denial order until late March 2018. (Petition Ex. E.)

4

petition (July 11, 2018).  As of September 11, 2017, Petitioner's limitations period had been running for 167 days, leaving 198 days remaining once the limitations period re-commenced running after tolling ceased, *i.e.,* until January 25, 2019.  The Petition, however, was not mailed until May 16, 2019, over three and a half months too late.  Therefore, Petitioner's limitations period expired on January 25, 2019, *before* the instant Petition was signed and mailed to the Court.  The Petition thus is untimely absent equitable tolling.

The limitations period for Section 2254 petitions is subject to equitable tolling in appropriate circumstances.  *Holland v. Florida*, 560 U.S. 631, 645-49 (2010).  However, application of the equitable tolling doctrine is the exception rather than the norm.  *See, e.g., Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (characterizing the Ninth Circuit's "application of the doctrine" as "sparing" and a "rarity"); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("equitable tolling is unavailable in most cases").  A habeas petitioner may receive equitable tolling only if he "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citation omitted); *see also Pace*, 544 U.S. at 418 & n.8.  Both elements must be met.  *Id.* at 418 (finding that the petitioner was not entitled to equitable tolling, because he had not established the requisite diligence).  A petitioner seeking application of the doctrine bears the burden of showing that it should apply.  *Id.*; *see also Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (to receive equitable tolling, the petitioner must prove the above two requirements).

Nothing in the Petition or the available record supports finding equitable tolling to be available in this case.  There is nothing in the present record that could establish the requisite extraordinary circumstance that prevented Petitioner from seeking federal habeas relief on a timely basis,  Grounds One and Two were fully briefed and exhausted as of September 2016, and the same is true as to Ground Three as of July 2018.  It is unclear why, once Ground Three had been exhausted,

Petitioner delayed for six months before submitting his form federal habeas petition with its three attached claims, two of which had been briefed and ready for federal court consideration since Fall of 2016.

There simply is no basis for finding either prong of the equitable tolling doctrine to be met. Accordingly, absent further evidence, the Petition remains untimely.

* * * * *

District courts are permitted to consider, *sua sponte*, whether a petition is untimely and to dismiss a petition that is untimely on its face after providing the petitioner with the opportunity to be heard. *Day v. McDonough*, 547 U.S. 198, 209 (2006); *Wentzell v. Neven*, 674 F.3d 1124, 1126 (9th Cir. 2012). In addition, Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires summary dismissal of Section 2254 petitions "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C. foll. § 2254.

Accordingly, Petitioner is ORDERED TO SHOW CAUSE why this action should not be dismissed on the ground of untimeliness. By no later than **June 28, 2019**, Petitioner shall file a Response to this Order To Show Cause addressing this issue as follows: if Petitioner concedes that this action is untimely, he shall so state clearly; but if Petitioner disputes that this action is untimely, he must explain clearly and in detail why it is not untimely and provide any available competent evidence that establishes the timeliness of this action.

**Petitioner is explicitly cautioned that his failure to comply with this Order will be deemed to constitute a concession that this action may be dismissed on the ground of untimeliness.**

**IT IS SO ORDERED.**

DATED: May 29, 2019

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE