UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD YONG PARK,<br>Petitioner<br>v.<br>RAYMOND MADDEN,<br>Respondent. | Case No. CV 19-4513-DMG (GJS)<br><br>ORDER TO SHOW CAUSE RE: POSSIBLE DISMISSAL FOR UNTIMELINESS |

On May 23, 2019, Petitioner filed a 28 U.S.C. § 2254 habeas petition in this District (Dkt. 1,"Petition"). On August 8, 2019, Petitioner filed a First Amended Petition [Dkt. 9, "Amended Petition"]. The Amended Petition is identical to the original Petition, except it adds two more grounds for relief, approximately two pages of argument, and two additional Exhibits. Both the Petition and the Amended Petition stem from Petitioner's September 2014 conviction in Los Angeles County Superior Court Case No. SA075285 (the "State Conviction"). (Petition at 2.)[1]

After he was sentenced pursuant to the State Conviction, Petitioner appealed to the California Court of Appeal (Case No. B260433) and raised the claims alleged as

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has reviewed the dockets available electronically for the Los Angeles County Superior Court, the California Court of Appeal, the California Supreme Court, and the United States Supreme Court.

Grounds One and Two in the Amended Petition. (Amended Petition at 2 and 5, Ex. A.) On June 24, 2016, the California Court of Appeal affirmed the judgment. (Amended Petition Ex. A.) Petitioner then filed a petition for review with the California Supreme Court, again raising Grounds One and Two, which was denied on September 14, 2016 (Case No. S236331). (Amended Petition Exs. B-C.) Petitioner sought certiorari in the United States Supreme Court, but his petition was denied on March 27, 2017 (Case No. 16-7608). (Amended Petition at 5; *see also Park v. California*, 137 S. Ct. 1377 (2017).)

Over five months passed. On September 11, 2017, Petitioner mailed a habeas petition to the trial court raising Grounds Three through Five of the Amended Petition, which was denied on September 27, 2017, both on the ground of untimeliness and on the merits. (Amended Petition at 3-4 and Ex. D.) On December 12, 2017, Petitioner mailed a habeas petition to the California Court of Appeal, again raising Grounds Three through Five, which was denied without comment on January 10, 2018. (Amended Petition at 4 and Ex. E.) On April 16, 2018, Petitioner filed a habeas petition in the California Supreme Court raising Grounds Three through Five, which was denied on July 11, 2018. (Amended Petition at 4-5 and Exs. F-G.)

Ten months passed. On May 16, 2019, Petitioner signed the Petition and a correctional officer received it for mailing on that same date. While the Petition was not formally filed by the Clerk's Office until May 23, 2019, pursuant to the "mailbox rule," the Court will deem the Petition to have been "filed" on May 16, 2019.[2] *See Campbell v. Henry*, 614 F.3d 1056, 1058-59 (9th Cir. 2010); Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts.

///

///

---

[2] The Court need not address the "filing" date of the Amended Petition under the mailbox rule, because it is the original Petition's filing date that controls the timeliness analysis.

2

**THE CLAIMS RAISED BY PETITIONER**

The original Petition raised three claims (Grounds One through Three) and the Amended Petition added two more (Grounds Four and Five). In Ground One, Petitioner alleges that his rights to remain silent and to counsel were violated in connection with his interrogation by the police – an interrogation that ultimately led to a confession that became part of the trial evidence. This claim was raised on direct appeal and exhausted as of September 2016. In Ground Two, Petitioner alleges that the trial court violated his rights to present a defense and to a fair trial by excluding proposed third-party culpability evidence. This claim also was raised on direct appeal and exhausted as of September 2016. In Ground Three, Petitioner alleges that his trial counsel provided ineffective assistance by failing to conduct an adequate pretrial investigation with respect to a witness to an encounter between Petitioner and a detective. Ground Four alleges that the trial court violated Petitioner's constitutional right to trial by jury by accepting Petitioner's waiver of having a jury trial in exchange for the State's agreement to drop the death penalty it was seeking. Ground Five alleges that appellate counsel provided ineffective assistance by failing to raise Grounds Three and Four on direct appeal. Grounds Three through Five were raised in Petitioner's state court habeas proceedings and were briefed and exhausted as of July 2018.

**THE PETITION IS UNTIMELY ON ITS FACE**

The one-year limitations period that governs this case is set forth in 28 U.S.C. § 2244(d)(1).[3] Given the nature of the claims alleged by Petitioner and the record

---

[3]    Through its subparts (A) through (D), Section 2244(d)(1) contemplates four possible triggering dates for the accrual and commencement of a state prisoner's one-year limitations period. The Supreme Court has described these as follows:

> § 2244(d)(1) provides that a "1-year period of limitation shall apply to an application for a writ of habeas corpus." (Emphasis added.) The subsection then provides one means of calculating the

3

available, the subpart (d)(1)(A) limitations period is the only one that appears applicable. Petitioner's judgment became "final," for purposes of Section 2244(d)(1)(A), on the date on which the Supreme Court denied his certiorari petition (March 27, 2017), and his limitations period commenced running the next day (March 28, 2017). *See* 28 U.S.C. § 2244(d)(1)(A); *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001). Therefore, Petitioner had until March 27, 2018, in which to file a timely federal habeas petition, absent statutory or equitable tolling.

28 U.S.C. § 2244(d)(2) suspends the limitations period for the time during which a "properly-filed" application for post-conviction relief is "pending" in state court. In addition, in appropriate circumstances, statutory tolling may be afforded "during the intervals between the denial of a petition by one court and the filing of a new petition at the next level, if there is not undue delay." *Biggs v. Terhune*, 339 F.3d 1045, 1046 (9th Cir. 2003); *see also Carey v. Saffold*, 536 U.S. 214, 219-25 (2002) (in California cases, a post-conviction matter is "pending" between the denial of a petition in a lower court and the filing, "within a reasonable time," of a "further original state habeas petition in a higher court"). Continuous tolling under Section 2244(d)(2) – commonly referred to as interval or gap tolling – is available only if a prisoner acted promptly in seeking relief at the next state court level. *See Evans v. Chavis*, 546 U.S. 189, 191-92; *Pace*, 544 U.S. at 413-14.

As the above description of Petitioner's prior proceedings shows, Petitioner did file a series of state habeas petitions, and his first such petition was "filed" (*i.e.*, mailed) on September 11, 2017, before his limitations period had expired. The

---

limitation with regard to the "application" as a whole, § 2244(d)(1)(A) (date of final judgment), but three others that require claim-by-claim consideration, § 2244(d)(1)(B) (governmental interference); § 2244(d)(1)(C) (new right made retroactive); § 2244(d)(1)(D) (new factual predicate).

*Pace v. DiGuglielmo*, 544 U.S. 408, 416 n.6 (2005).

threshold question is whether all or any of those state habeas petitions were properly filed within the meaning of Section 2244(d)(2). Given that the trial court, after initially noting Petitioner's failure to explain his delay, proceeded to resolve the claims raised on their merits, the Court will not deem that brief reference to untimeliness to serve as a basis for finding the state court petitions to be not "properly filed" for Section 2244(d)(2) purposes. The Court also does not find the delay between the resolution of Petitioner's trial court petition and his filing in the California Court of Appeal, and the delay between the resolution of his California Court of Appeal petition and his filing in the California Supreme Court, to be sufficient to warrant deeming the petitions to be not properly filed.[4]

Accordingly, the Court concludes that Petitioner is entitled to Section 2244(d)(2) tolling for the three state court habeas petitions he filed, and that such tolling should be continuous, *i.e.*, should run from the mailing date of the trial court petition (September 11, 2017) through the denial of his California Supreme Court habeas petition (July 11, 2018). As of September 11, 2017, Petitioner's limitations period had been running for 167 days, leaving 198 days remaining one the limitations period re-commenced running after tolling ceased, *i.e.,* until January 25, 2019. The Petition, however, was not mailed until May 16, 2019, over three and a half months too late. Therefore, Petitioner's limitations period expired on January 25, 2019, *before* the instant Petition was signed and mailed to the Court. The Petition thus is untimely absent equitable tolling.

The limitations period for Section 2254 petitions is subject to equitable tolling in appropriate circumstances. *Holland v. Florida*, 560 U.S. 631, 645-49 (2010). However, application of the equitable tolling doctrine is the exception rather than the norm. *See, e.g., Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (characterizing the Ninth Circuit's "application of the doctrine" as "sparing"

---

[4] Petitioner has submitted evidence indicating that he did not receive the California Court of Appeal's January 10, 2018 denial order until late March or early 2018. (Amended Petition Ex. E.)

5

and a "rarity"); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("equitable tolling is unavailable in most cases"). A habeas petitioner may receive equitable tolling only if he "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citation omitted); *see also Pace*, 544 U.S. at 418 & n.8. Both elements must be met. *Id.* at 418 (finding that the petitioner was not entitled to equitable tolling, because he had not established the requisite diligence). A petitioner seeking application of the doctrine bears the burden of showing that it should apply. *Id.*; *see also Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (to receive equitable tolling, the petitioner must prove the above two requirements).

Nothing in the Petition or the available record supports finding equitable tolling to be available in this case. There is nothing in the present record that could establish the requisite extraordinary circumstance that prevented Petitioner from seeking federal habeas relief on a timely basis, Grounds One and Two were fully briefed and exhausted as of September 2016, and the same is true as to Grounds Three through Five as of mid-July 2018. Once the California Supreme Court denied relief on July 11, 2018, Petitioner's five claims all were briefed, exhausted, and ready to present to federal court. There is no apparent reason why Petitioner instead delayed for over ten months before submitting his form federal habeas petition with three attached claims (rather than the five exhausted), thereby allowing his limitations period to expire.[5]

There simply is no basis for finding either prong of the equitable tolling doctrine to be met. Accordingly, absent further evidence, the Petition remains untimely, as

---

[5] Exhibit J to the Amended Petition shows that Petitioner actively communicated with his appellate counsel regarding the claims to be raised on appeal or otherwise, including through a January 2016 letter discussing the means by which an ineffective assistance of trial counsel claim should be raised and a July 2016 letter suggesting arguments to be made in the California Supreme Court petition for review. Thus, the record suggests that Petitioner's failure to act on a timely basis was not the result of an inability to understand how to proceed.

6

does the Amended Petition.

* * * * *

District courts are permitted to consider, *sua sponte*, whether a petition is untimely and to dismiss a petition that is untimely on its face after providing the petitioner with the opportunity to be heard. *Day v. McDonough*, 547 U.S. 198, 209 (2006); *Wentzell v. Neven*, 674 F.3d 1124, 1126 (9th Cir. 2012). In addition, Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires summary dismissal of Section 2254 petitions "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C. foll. § 2254.

Accordingly, Petitioner is ORDERED TO SHOW CAUSE why this action should not be dismissed on the ground of untimeliness. By no later than **September 7, 2019**, Petitioner shall file a Response to this Order To Show Cause addressing this issue as follows: if Petitioner concedes that this action is untimely, he shall so state clearly; but if Petitioner disputes that this action is untimely, he must explain clearly and in detail why it is not untimely and provide any available competent evidence that establishes the timeliness of this action.

**Petitioner is explicitly cautioned that his failure to comply with this Order will be deemed to constitute a concession that this action may be dismissed on the ground of untimeliness.**

**IT IS SO ORDERED.**

DATED: August 8, 2019

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE