UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD YONG PARK,<br><br>    Petitioner,<br><br>    v.<br><br>RAYMOND MADDEN, Warden,<br><br>    Respondent. | Case No. CV 19-4513 SB (PVC)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

    Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Petition, all the records and files herein, the Amended Report and Recommendation of the United States Magistrate Judge, and Petitioner's Objections. After having made a *de novo* determination of the portions of the Amended Report and Recommendation to which Objections were directed, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge.

    Petitioner's Objections largely reassert prior arguments that were addressed and rejected in the Amended Report and Recommendation. However, two contentions warrant brief attention. First, Petitioner asserts that the Magistrate Judge erred in finding that Ground One(b), regarding the admission of statements prior to and after receiving a

*Miranda* warning, is procedurally defaulted.[1] (Obj., Dkt. No. 62, at 2). According to Petitioner, his trial counsel's ineffective assistance in failing to object to the admission of Petitioner's confession demonstrates cause for the default, which "grossly prejudiced Petitioner's defense." (*Id.* at 3). Thus, in Petitioner's view, any alleged default is excused. (*Id.*). Second, Petitioner asserts that the Magistrate Judged failed to address the state court's unreasonable determination of facts in its denial of Petitioner's *Miranda* claim. (*Id.* at 11). Both contentions fail.

The Magistrate Judge correctly found that Petitioner's procedural default is not excused. The Court rejects Petitioner's argument that the Magistrate Judge erred by not addressing the issue of whether Petitioner had established cause for the procedural default. (*Id.* at 3). As set forth in detail in the Amended Report and Recommendation, no cause analysis is needed where prejudice cannot be shown. *See, e.g., United States v. Frady*, 456 U.S. 152, 168 (1982) ("In applying this dual standard to the case before us, we find it unnecessary to determine whether Frady has shown cause, because we are confident he suffered no actual prejudice . . . .") (footnote omitted); *Jackson v. Calderon*, 211 F.3d 1148, 1155 (9th Cir. 2000) (proceeding directly to the prejudice prong); *United States v. Smith*, 2020 WL 5366303, at *6 (E.D. Cal. Sept. 8, 2020) ("[I]f the petitioner cannot meet [either cause or prejudice], it is unnecessary for the court to address the other requirement.") (citing *Frady*, 456 U.S. at 168).

The Court rejects Petitioner's argument that in assessing prejudice, the Magistrate Judge erred in concluding that Petitioner's confession did not affect the trial court's determination that Petitioner was not credible. (Obj. at 5-7). In Petitioner's view, "[i]t is clear that the trial court's determination that Petitioner's trial testimony was incredible

---

[1] Petitioner has never disputed that the claim in Ground One(b) is procedurally defaulted, *see* Reply Mem. at 12, and despite some terminology in the Objections, it is clear that he does not do so now. His argument is based on the excusal of any alleged default, not whether there was a procedural default. (Obj. at 3).

2

relied upon the very fact that Petitioner had confessed." (*Id*. at 6). The trial record itself rebuts Petitioner's argument. In evaluating Petitioner's trial testimony, the trial court, as the trier of fact, found that Petitioner's testimony was not believable based on multiple grounds: the testimony was influenced by Petitioner's personal interest in how the case was decided; Petitioner's testimony that a mystery killer inexplicably chose to spare him while he killed the other three people was not reasonable; and most of the facts that Petitioner claimed to be true were false. (RT 1822). With respect to Petitioner's confession, the trial court essentially disregarded it, finding that Petitioner had acknowledged that the confession and his other prior statements were not true. (RT 1584, 1587-88, 1593-94, 1822). Thus, given the trial court's findings, Petitioner's confession did not affect the trial court's evaluation of Petitioner's credibility.[2]

Petitioner argues that without direct evidence, such as a murder weapon, fingerprints, DNA or eyewitness testimony, the trial court could not have found Petitioner guilty beyond a reasonable doubt because all of the circumstantial evidence cited by the Magistrate Judge is reasonably consistent with Petitioner's innocence. (Obj. at 7-8). Here, too, Petitioner's argument is rebutted by the trial court's findings. It is clear from the record that even without Petitioner's confession, the trial court was convinced that the only reasonable conclusion supported by the circumstantial evidence was that Petitioner was guilty. (CT 1822-23). The trial court commented on Petitioner's lack of credibility on the witness stand and the unreasonable scenario about a mystery killer that Petitioner testified to for the first time at trial. (CT 1822-23).

---

[2] Petitioner argues that "there is justifiable doubt of the trial court judge's ability, as the trier of fact, 'to put [Petitioner's confession] out of mind' when assessing Petitioner's credibility, and ultimately, his guilt." Obj. at 7 (quoting *Arizona v. Fulminante*, 499 U.S. 279, 296 (1991)). But the concern expressed in *Fulminante* about a jury's ability to disregard a confession does not apply with the same force to a trial judge, who is routinely required to compartmentalize evidence. Indeed, if Petitioner's argument were accepted, a judge who will act as the fact finder in a bench trial would be precluded from ruling on motions to suppress incriminating statements—including, presumably, in this case. Yet the trial judge in this case did preside over the motion to suppress, and Petitioner separately argues that the trial judge should have listened to his recorded statement and admitted the transcript of the interview into evidence in deciding the motion. Obj. at 11.

3

In arguing that one of the reasonable conclusions from the circumstantial evidence points to innocence, Petitioner fails to consider the force of that evidence when viewed in its totality. As the California Court of Appeal observed, the circumstantial evidence of guilt was "compelling." *People v. Park*, No. B260433, 2016 WL 3574568, at *12 (Cal. Ct. App. June 24, 2016). The court summarized the evidence as follows:

> Defendant argues that without the confession, the evidence was insufficient to prove that he was the shooter, because the murder weapon was not found, there were no eyewitnesses to the shooting, and neither his fingerprints nor blood was found at the scene. Nevertheless, compelling circumstantial evidence pointed to defendant as the shooter. Long before the confession, detectives had found Pirooz's [the victim's] cell phone with many calls to and from defendant's 842 number. Records for defendant's phone led them to [James] Kim, and thus to the identity of defendant as the user of the 842 number. Numerous text messages to Pirooz indicated that defendant had been recently purchasing large quantities of marijuana from him, and that defendant and Pirooz had arranged to meet at Pirooz's home on the night of the murders for defendant to make such a purchase. A neighbor saw an uncomfortable looking Asian man wearing a black baseball cap, a black shirt, and a black backpack take the elevator to Pirooz's floor just 10 minutes before that neighbor and another resident heard gunshots. When defendant was arrested, he was in possession of a black backpack, black baseball cap, and a black shirt. All the bullets found at the scene and in the victims were fired from one firearm, suggesting a single assailant. Immediately after the killings, at approximately 9:00 p.m., defendant telephoned his mentor Kim, and told him he had "fucked up." There was no evidence of a fifth person in the apartment or of a survivor of the shooting other than defendant. Although defendant had no money and no job when he was arrested, he was in possession of large amounts of marijuana, with a wholesale value of $20,000 to $30,000, and a street value of $40,000 to $70,000. Defendant thus had a motive to rob Pirooz.
>
> The most reasonable inference from such facts is that he robbed Pirooz at gunpoint, and then shot the three potential witnesses against him. Also telling of defendant's guilt was the removal of all his belongings from Kim's home on the night of the murder, including his mother's photograph. At the time of his arrest defendant had all his clothing in his car, as well as his birth certificate and passport photos, suggesting he was preparing to flee the country, and suggesting a consciousness of guilt. . . .
>
> We conclude that if defendant's confession had been excluded, there is no

reasonable probability that a different outcome would have resulted.

*Id*. at *2-3.

In sum, there is no reasonable probability that the result of the proceeding would have been different had the confession been excluded. The Magistrate Judge did not err in determining that the procedural default is not excused, and it is unnecessary to address Ground One(b) on the merits. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

The Magistrate Judge similarly did not err in addressing the state court's determination of the facts with respect to Petitioner's *Miranda* claim. Petitioner argues that in rejecting Petitioner's *Miranda* claim, the California Court of Appeal relied on the trial court's factual determination that Petitioner waived his *Miranda* rights, despite explicitly acknowledging that "the recorded interview was not in evidence at the hearing." (Obj. at 11) (citing Lodgment 11 at 18). In Petitioner's view, the reliance on the trial court's purportedly defective fact-finding process was an unreasonable determination of the facts, which requires the habeas petition to be granted. (Obj. at 11).

Petitioner misconstrues the Court of Appeal opinion. On direct appeal, Petitioner raised two *Miranda* claims, alleging that: (1) the improper "softening up" by Detective Song induced the waiver of his rights to counsel and to remain silent; and (2) the mid-interview *Miranda* advisement was ineffective because it was given after he made extensive incriminating admissions to Detectives Marsh and Bergner. (Lodgment 11 at 14-20). At the trial court level, Petitioner raised only the "softening up" *Miranda* claim. (Lodgment 11 at 18-19; RT 3-4, 323). At the hearing on the motion to suppress, the trial court heard testimony from Detective Song, Petitioner, and Detectives Bergner and Marsh. (Lodgment 11 at 13; RT 4-320). Contrary to Petitioner's representation, the trial court did not make a "factual determination that Petitioner waived his *Miranda* rights." (Obj. at 11). The trial court, ruling on the sole *Miranda* claim before it, concluded there

5

was no improper interrogation technique or softening up, finding that Petitioner was not believable, Detective Song was believable, Petitioner did not ask for counsel, and Detective Song's conversation did not prompt or discourage such a request. (Lodgment 11 at 16-17; RT 602-04). The Court of Appeal accepted the trial court's findings and concluded that Detective Song's conversation did not amount to improper softening up. (Lodgment 11 at 18). There was no unreasonable determination of the facts regarding the "softening up" *Miranda* claim.

With respect to the mid-interview *Miranda* claim that was raised for the first time on direct appeal, the Court of Appeal found that because Petitioner did not object at trial to the admission of his statements on the ground that the mid-interview *Miranda* advisement was ineffective, any claim based on the admission of his pre- and post-warning statements was waived. (Lodgment 11 at 18). To be clear, the trial court did not make a "factual determination that Petitioner waived his *Miranda* rights" regarding Petitioner's conversation with Detectives Marsh and Bergner because the issue was not before the trial court. (Obj. at 11). The Court of Appeal noted that the recorded interview with Detectives Marsh and Bergner was not in evidence at the trial court hearing, making the point that a review of the detectives' interview by the trial court was not necessary because Petitioner did not object to the interview on the ground that the *Miranda* advisement was ineffective. (Lodgment 11 at 18-19). Having found Petitioner waived the issue, the Court of Appeal declined Petitioner's request that it exercise its discretion to reach the mid-interview *Miranda* claim, stating it was not authorized to do so because the issue involved the admission or exclusion of evidence. (Lodgment 11 at 20). There was no unreasonable determination of the facts regarding the mid-interview *Miranda* claim.

For these reasons, Petitioner's Ground One(b) claim is procedurally barred, the Magistrate Judge properly addressed the state court's determination of the facts with respect to Petitioner's *Miranda* claim, and all of Petitioner's Objections are overruled.

IT IS ORDERED that the First Amended Petition is denied and Judgment shall be entered dismissing this action with prejudice.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on counsel for Petitioner and counsel for Respondent.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 7, 2022

Stanley Blumenfeld, Jr.
United States District Judge